IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYMOND THOMAS GARCIA, JR.,**<br><br>Petitioner,<br><br>v.<br><br>**SUPERIOR COURT OF KERN COUNTY, et al.,**<br><br>Respondents. | Case No. 1:15-cv-01685 MJS (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**<br><br>**AMENDED PETITION DUE WITHIN THIRTY (30) DAYS** |

Petitioner appears to be a former state prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 5, 2015. (Pet., ECF No. 1.) Based on Petitioner's return address at the time of filing, Petitioner was housed at California State Prison Centinela, in Imperial County, California. However, it appears that Petitioner is no longer in custody and is currently residing in Riverside County, California.

Petitioner describes and appears to challenge several different convictions from Imperial and Riverside Counties. Without clarification as to what conviction, if any,

Petitioner is challenging, the Court is unable to discern if he has a cognizable federal habeas petition. In addition, without further specificity regarding the legal challenges, the Court is not able to determine which federal judicial district is the proper Court to present his challenges.[1]

**I.    DISCUSSION**

**A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.    Petitioner's Claims**

The Court finds Petitioner's lengthy explanation of his claims to be largely unintelligible. He alludes to several different convictions and different grounds for relief, but provides little factual support for them. (See generally, Pet.) The Petition does not reveal what conviction or convictions Petitioner challenges or his theory of relief from them.

Petitioner's statements are so incomprehensible as to deny Respondent the opportunity to respond to them. The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases. Habeas Rules 2(c), 4, and 5(b) require a more detailed statement of all grounds for relief and the facts supporting each

---

[1] It is usually proper to transfer a federal habeas petition to the district in which Petitioner was convicted. As Petitioner challenges convictions from the Central District of California (Riverside County) and the Southern District of California (Imperial County), it is unclear where transfer would be appropriate.

ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition. Mayle, 545 U.S. at 655. Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Petitioner does not specify the conviction he is challenging or what federal law he claims was violated by Respondent. Without more, Respondent cannot reasonably be expected to respond to Petitioner's claims and the Court is incapable of determining whether and where jurisdiction may exist.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Accordingly, the Court will provide Petitioner another opportunity to state his claims in an amended petition.

The Court will provide Petitioner a blank petition for writ of habeas corpus. Using the petition form provided, Petitioner must reference the instant case number and designate his petition as an "Amended Petition." He must present each and every of his challenges and claims in sufficient detail as to provide Respondent the ability to comprehend and respond with reasonable effort.

**II.     ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to

SUBMIT an AMENDED PETITION. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for Petitioner's filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that her failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   May 25, 2016                    /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE